UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JAMES MANNING,                                               :
                                         Plaintiff,          :
                   -against-                                 :   23 Civ. 2352 (LGS)
                                                             :
CITY OF NEW YORK, et al.,                                    :   **ORDER**
                                         Defendants.         :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff, proceeding pro se, filed the Complaint in this matter on March 17, 2023. The Complaint brings a claim under 42 U.S.C. § 1983, alleging that a "Discriminatory, Predatory, Unjust Tax Lien was filed against The Bethelite Community Baptist Church," of which Plaintiff is the pastor, for unpaid water and sewer taxes. The Complaint alleges that the tax lien has denied Plaintiff his freedom of speech and religious liberty.

WHEREAS, the December 6, 2023, Order denied without prejudice to renewal Defendants' motion to dismiss. The Order instructed Plaintiff to submit a letter brief in response to Defendants' arguments that the Court lacks subject matter jurisdiction over this action, as Plaintiff does not have standing. Plaintiff submitted his letter brief on January 3, 2024.

WHEREAS, "federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*." *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 n.3 (2d Cir. 2017). It is hereby

**ORDERED** that the parties shall file full legal memoranda on whether the Court has authority, in the form of subject matter jurisdiction, to adjudicate this case. Defendants shall jointly file the first memorandum, not to exceed twenty-five pages, including but not limited to (1) the procedural history of the tax lien assessed against Bethelite and any subsequent foreclosure, including litigation in state court and the decision in *NYCTL 1998-2 Tr. v. Bethelite*

*Cmty. Baptist Church*, 210 A.D.3d 480 (1st Dep't 2022); (2) a discussion of the *Rooker-Feldman* doctrine and its application, if any, to this case; (3) whether and why the injuries to Plaintiff alleged in the Complaint can or cannot confer standing, even though he is not the person or entity against whom the lien was assessed, and whether Plaintiff may remedy any standing issue by substituting or adding Bethelite as a plaintiff; and (4) any other issues that may implicate this Court's subject matter jurisdiction.  Defendants may submit up to ten exhibits, not to exceed ten pages each.  It is further

**ORDERED** that Plaintiff may file a memorandum in response on the subject of the Court's subject matter jurisdiction, not to exceed twenty-five pages.  Plaintiff may submit up to ten exhibits, not to exceed ten pages each.  Because Plaintiff is proceeding pro se and is not a lawyer, and the question of subject matter jurisdiction is largely a legal question, Plaintiff may forego filing a memorandum and instead file a letter stating that he disputes Defendants' arguments and will rely on the Court's legal analysis.  In his memorandum or letter, he shall in any event state what his legal relationship is to the entity against which the lien was assessed -- for example, is he an employee, subcontractor, shareholder, or something else?

**ORDERED** that the schedule for the foregoing is as follows:  Defendants shall file their memorandum by **March 5, 2024**.  Plaintiff may file his memorandum or letter, by **March 26, 2024**.  The parties shall not file anything further on the subject unless requested by the Court.

Dated: February 12, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE